**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 11-30227-GPM |
| GEORGE LESURE, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant George Lesure's motion to dismiss the superceding indictment (Doc. 37). Upon full consideration of the parties' papers, the Court finds oral argument on the motion unnecessary. The Court finds that the Seventh Circuit Court of Appeals's opinion in *United States v. Dixon,* 551 F.3d 578 (7th Cir. 2008), though abrogated in part by the Supreme Court's decision in *Carr v. United States,* 130 S.Ct. 2229 (2010), remains good law relative to Defendant's arguments here. Under the rationale of *Dixon,* and other cases to have considered arguments against the constitutionality of the Sex Offender Registration and Notification Act ("SORNA"), Defendant's motion is **DENIED**.

## BACKGROUND

According to the Government (and uncontested by Defendant in his motion), Mr. Lesure was convicted of aggravated criminal sexual assault in St. Clair County, Illinois on July 26, 1991 and registered as a sex offender in Illinois from 2000 to 2007 (Doc. 40). The Government alleges that in 2007, Mr. Lesure moved to Missouri and failed to register in Missouri or update his Illinois

registry, in violation of SORNA. Mr. Lesure was indicted on December 14, 2011, and a superceding indictment was filed April 3, 2012 after the Supreme Court decided *Reynolds v. United States,* 132 S.Ct. 975 (2012). The superceding indictment charges Mr. Lesure with failure to register under SORNA from August 1, 2008 to September 22, 2008, in violation of 18 U.S.C. § 2250(a) (Doc. 25).

**DISCUSSION**

As the Supreme Court recently summarized, SORNA "requires those convicted of certain sex crimes to provide state governments with (and to update) information, such as names and current addresses, for inclusion on state and federal sex offender registries. The Act makes it a crime for a person who is required to register under the Act and who travels in interstate of foreign commerce knowingly to fail to register or update a registration." *Reynolds,* 132 S.Ct. at 978, *citing* 42 U.S.C. § 16901 *et seq*; 18 U.S.C. § 2250(a). SORNA became law on July 27, 2006, and on February 28, 2007, "the Attorney General promulgated an Interim Rule specifying that the requirements of the Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." *Id.* (internal quotations omitted). In *Reynolds,* the Court found that SORNA's registration requirements do not apply to pre-Act offenders who failed to register in the period between July 27, 2006 and February 28, 2007–the Court did not rule on the validity of the Interim Rule itself. *Id.* at 979-80.

The Supreme Court also considered SORNA in 2010 in *Carr v. United States,* holding that the Act does not extend to travel that occurred before enactment. 130 S.Ct. at 2242. The *Carr* opinion reversed the Seventh Circuit's decision in *United States v. Dixon* inasmuch as *Dixon* found that Defendant Thomas Carr's interstate travel–which occurred in late 2004/early 2005–did violate SORNA as he had failed to register in July of 2007, 5 months after the Interim

Rule. *Dixon,* 551 F.3d at 586-87; *Carr,* 130 S.Ct. at 2233. Here, Mr. Lesure's travel occurred after the Interim Rule was promulgated, so the basis of *Carr*'s abrogation of *Dixon* does not apply.[1] Judge Posner's opinion in *Dixon* is otherwise instructive as to Mr. Lesure's arguments here: (1) the Attorney General's Interim Rule violates the Administrative Procedures Act ("APA"); (2) Congress's delegation of SORNA's retroactivity to the Attorney General violates Article I, sections 1 and 8 of the Constitution; (3) SORNA violates his procedural and substantive due process rights; (4) SORNA violates his right to travel; (5) SORNA violates the Tenth Amendment; (6) SORNA violates the Ex Post Facto Clause; and (6) SORNA violates the Commerce Clause.

### 1.      The Administrative Procedures Act and the Interim Rule

Mr. Lesure argues that the Interim Rule was invalid because the Attorney General failed to comply with the APA's notice and comment procedure, and there was no 'good cause' to bypass that procedure. This argument was made by the defendant in *United States v. Dixon*–the argument characterized by the Seventh Circuit as "frivolous" and without merit. *United States v. Dixon,* No. 3:07-CR-72(01), 2007 WL 4553720 (N.D.Ind. Dec. 18, 2007); *United States v. Dixon,* 551 F.3d at 583. As the Seventh Circuit has found an identical argument lacking, the Court deems that the Seventh Circuit has spoken on this issue–Mr. Lesure's argument fails. *See also Carr,* 130 S.Ct. at 2235-36 (Noting that amongst a circuit conflict, the Seventh Circuit accepts the validity of the interim rule). Mr. Lesure argues that *Dixon* was not dispositive on this issue and is not controlling as it was reversed by *Carr*. The Court agrees with the rationale of other district courts in the Seventh Circuit, that "[i]n the absence of a controlling Supreme Court ruling, a federal district court

---

[1] Mr. Lesure's indicted conduct also occurred after August 1, 2008–the effective date of the Attorney General's "SMART" guidelines for interpreting and implementing SORNA. 73 Fed.Reg. 38030 (2008).

is required to give great weight to the pronouncements of its Court of Appeals, even though those pronouncements appear by way of dictum.…we cannot assume that our Court of Appeals writes merely for intellectual exercise." *Max M. v. Thompson,* 585 F.Supp. 317, 324 (N.D.Ill. 1984), *see also United States v. Fuchs,* No. 12-CR-46-JPS, 2012 WL 2160526 (E.D. Wis. June 13, 2012) (finding that even if the Seventh Circuit's dismissal of an APA-interim rule argument in *Dixon* was dicta, the court was nevertheless "constrained by *Dixon* to accept the interim rule as valid. In turn, the February 28, 2007 date controls as the effective retroactivity date in this case."). Additionally, as noted above, *Carr* did not abrogate *Dixon*'s rebuff of this APA-interim rule argument.

Further, even if the Seventh Circuit had been silent on this issue, Mr. Lesure has not shown that the Attorney General lacked good cause to apply the 5 U.S.C. § 553(b)(3)(B) rule making exception. The Attorney General's citation to the public interest was explicit and well-reasoned. 72 Fed.Reg.8894, 8896-97 (2007) ("Delay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders....The resulting practical dangers include the commission of additional sexual assaults and child sexual abuse or exploitation offenses by sex offenders that could have been prevented"). There was good cause for implementation of the interim rule under 5 U.S.C. § 553(b)(3)(B), and there was no violation of the APA.

### 2. Nondelegation

Mr. Lesure next argues that Congress's delegation to the Attorney General of the authority to specify SORNA's applicability was invalid. This invocation of the "nondelegation" doctrine was also been rejected by the Seventh Circuit in *Dixon*: "Likewise without merit is [defendant's] argument that for Congress to delegate to an official of the executive branch the authority to fill out

the contours of a statute violates the separation of powers. It is commonplace and constitutional for Congress to delegate to executive agencies the fleshing out of criminal statutes by means of regulation." 551 F.3d at 583-84, *citing Touby v. United States,* 500 U.S. 160, 165-69 (1991); *see also United States v. Goodwin,* No. 11-20036, 2012 WL 984268 at *2 (C.D.Ill. March 22, 2012) ("[T]he circuit courts of appeal which have considered the issue have all determined that pursuant to SORNA § 16913(d), Congress constitutionally authorized the Attorney General to promulgate a regulation, and the Regulation is a constitutional exercise of that authority.") (collecting cases). As Judge Posner has explained, the nondelegation doctrine "just forbids Congress to delegate federal legislative powers, which are vested in Congress by Article I, section 1 of the Constitution, to agencies without giving them guidance on how the delegated powers should be exercised." *Beary Landscaping, Inc., v. Costigan,* 667 F.3d 947, 950 (7th Cir. 2012). SORNA's statement of purpose provides such guidance; the Attorney General is directed to "establish[] a comprehensive national system" of sex offender registration to "protect the public from sex offenders and offenders against children." 42 U.S.C. § 16901. The Court finds that Congress's delegation of responsibility to the Attorney General was permissible, and notes that other courts have consistently found the same. *See United States v. Sherman,* 784 F.Supp.2d 618, 622 (W.D.Va. 2011) ("Here, Congress clearly delineated the public safety and efficiency arguments underling SORNA's enactment, and as every court to consider this argument has found, that guidance meets the intelligible principle test.") (collecting cases).

    **3.**    **Due Process**

Mr. Lesure claims that SORNA violates both his procedural and substantive due process rights, as: (1) there is no mechanism to challenge designation as a sex offender; and (2) there is no

duty to register because he had no actual notice and because Illinois has not implemented SORNA.

He first claims that his classification as a sex offender implicates a liberty interest under the Due Process Clause which is procedurally violated because "SORNA neither provides for a hearing or even a petition process prior to publishing his name on the sex offender internet registries or being compelled to comply with other reporting conditions...[and] [i]t imposes these classifications without a hearing to assess risk of recidivism or current dangerousness of the affected individual." (Doc. 38). This argument is untenable given the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*. 538 U.S. 1, 4 (2003). In *Connecticut,* the Court found that due process does *not* require that registered sex offenders be afforded a hearing to determine whether they are currently dangerous. *Id.* Because the registry requirement was based "on the fact of previous conviction," a hearing to determine dangerousness was not warranted, as proof of dangerousness was "not material to the State's statutory scheme." *Id.* Likewise, under SORNA, it is the fact of a previous conviction that triggers the registration requirement. 42 U.S.C. §§ 16911, 16913. Mr. Lesure does not dispute that he is a convicted sex offender. A hearing to assess his dangerousness or risk of recidivism is not required under the Due Process Clause.

Mr. Lesure's substantive due process argument is a little harder to grasp here: publication of his name in sex offender registries could deprive him of a liberty interest *if* he were pardoned, or *if* his conviction was overturned or expunged. Such a speculative premise provides Mr. Lesure no standing to challenge SORNA; it is the essence of a "conjectural or hypothetical" injury. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *see also United States v. Keleher,* 2008 WL 5054116 (E.D.Cal. Nov. 19, 2008) ("Defendant lacks standing to challenge SORNA with these hypothetical situations.") (collecting cases). In addition to lacking standing, Mr. Lesure's argument

lacks merit. The Eleventh Circuit disposed of a similar SORNA substantive due process claim in *United States v. Ambert,* finding that "the restrictions contained in the federal statute...are rationally related to Congress' legitimate goal in protecting the public from recidivist sex offenders. Moreover...a state's publication of truthful information that is already available to the public does not infringe the fundamental constitutional rights of liberty and privacy, and therefore a convicted sex offender's inability to challenge his conviction before publication does not violate due process." 561 F.3d 1202, 1209 (11th Cir. 2009) (internal citations and quotations omitted). This Court agrees with the rationale of the Eleventh and other circuits that have "similarly rejected substantive due process challenges to sex offender registration." *United States v. Juvenile Male,* 670 F.3d 999, 1012-13 (9th Cir. 2012) ("[I]ndividuals convicted of serious sex offenses do not have a fundamental right to be free from sex offender registration requirements, and ...such requirements serve a legitimate nonpunitive purpose of public safety.") (collecting cases).

While the Seventh Circuit has not spoken directly on the issue of substantive due process rights and SORNA registration lists, *Dixon* is again instructive. In another part of the opinion not abrogated by *Carr,* the Seventh Circuit found that lack of personal notice did not impinge upon defendant's due process. 551 F.3d at 584. This does away with Mr. Lesure's second due process claim: that he was not notified of SORNA's requirements. And his related claim–he is not subject to SORNA because Illinois "has failed to implement SORNA" is also a nonstarter. In *Dixon,* the defendant argued that he could not comply with SORNA, as Indiana had yet to establish SORNA-required procedure. *Id*. at 582. Defendant was nevertheless required to register in Indiana under the Act, as Mr. Lesure was required to register in the states of his residence here. *Id.*; 42 U.S.C. § 16913(a); 73 Fed.Reg. 38030, 38063 (2008) ("SORNA applies to all sex offenders, including those

convicted of their registration offenses...prior to particular jurisdictions' incorporation of the SORNA requirements into their programs."); *see also United States v. Stock,* 2012 WL 2816307, No. 10-5348 (6th Cir. July 11, 2012) ("The obligation SORNA does impose–the obligation to register....exists whether or not a state chooses to implement SORNA's requirements and whether or not a state chooses to register sex offenders at all."); *United States v. Leach,* 2009 WL 3762331 at *4, No. 09-CR-00070(01)RM (N.D.Ind. Nov. 6, 2009) ("Although Indiana law didn't require Mr. Leach to register, SORNA required him to register. Even if a state chooses not to implement SORNA requirements, an individual sex offender has no option to flout his federal obligation."). Here, Mr. Lesure does not even try to maintain that he had no duty to register under Illinois (or Missouri) state law. He was required to register under SORNA, and failure to do so implicates 18 U.S.C § 2250(a) without infringing on any due process right.

4. **Right to Travel**

Mr. Lesure argues that, under SORNA, interstate travel is not connected to commission of any illegal activity, and SORNA thus impermissibly violates his constitutional right to travel. The Supreme Court has recognized a "constitutional right to travel from one State to another." *United States v. Guest,* 383 U.S. 745, 757 (1966). That right to travel should be "uninhibited by statutes, rules, or regulations which *unreasonably* burden or restrict this movement." *Shapiro v. Thompson,* 394 U.S. 618, 629 (1969) (emphasis added), *overruled on other grounds by Edelman v. Jordan,* 415 U.S. 651, 671 (1974). Statutes which "penalize the exercise of that right, *unless shown to be necessary to promote a compelling governmental interest*, [are] unconstitutional. *Id.* (emphasis added). SORNA's registration requirement is not unreasonably burdensome, and even if it were, the government's interest in so regulating interstate travel by sexual offenders is compelling.

SORNA does not violate Mr. Lesure's constitutional right to travel. *See also United States v. Byrd,* 419 Fed.Appx. 485, 491-92 (5th Cir. 2011) ("SORNA's registration requirements do not implicate the fundamental right to travel [by] convicted sex offenders because nothing in the statute precludes an offender from entering or leaving another state, being treated as a welcome visitor...in the second State, or being treated like other citizens of that State if the offender chooses to permanently relocate.") (internal quotations omitted); *United States v. Shenandoah,* 595 F.3d 151, 162 (3d Cir. 2010) ("[Defendant] may travel interstate, but when he does, must register in the new state, while a convicted sex offender who remains within a state need only remain properly registered therein. There is simply no Constitutional violation. Moreover, moving from one jurisdiction to another entails many registration requirements required by law which may cause some inconvenience, but which do not unduly infringe upon anyone's right to travel. The essential part of the charged crime in this matter is the failure to register; [Defendant's] right to travel is incidental to this obligation, and not constitutionally offended.") , *abrogated on other grounds by Reynolds v. United States,* 132 S.Ct. 975 (2012); *United States v. Ambert,* 561 F.3d 1202, 1210 (11th Cir. 2009) ( "The requirement to update a registration under SORNA is undoubtedly burdensome; however, the government's interest in protecting others from future sexual offenses and preventing sex offenders from subverting the purpose of the statute is sufficiently weighty to overcome the burden. This statute does not violate [Defendant's] right to travel.").

### 5. Tenth Amendment

Mr. Lesure claims that SORNA's registration requirements unconstitutionally encroach on state sovereignty, as Congress "has no power to compel local law enforcement to accept registrations from federally mandated sex offender programs" (Doc. 38). Mr. Lesure cites the Supreme Court's

decision in *Printz v. United States,* which found that the Brady Act's requirement that state law enforcement officers conduct background checks of prospective gun purchasers was unconstitutional. 521 U.S. 898, 935 (1997). In *Printz,* the Court applied the holding of *New York v. United States,* 505 U.S. 144 (1992)–"that Congress cannot compel the States to enact or enforce a federal regulatory program"–and further found that "Congress cannot circumvent that prohibition by conscripting the State's officers directly. The Federal Government may neither issue directives requiring the States to address particular problems, nor command the States' officers, or those of their political subdivisions, to administer or enforce a federal regulatory program." *Id.* The Seventh Circuit's Tenth Amendment analysis has also focused on whether a federal statute "imposes on the States [or] depends on them for the implementation of federal law." *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wisonsin v. United States,* 367 F.3d 650, 663 (7th Cir. 2004).

The Seventh Circuit has not taken up a Tenth Amendment challenge to SORNA, but several district courts in this circuit have–each finding that SORNA does not violate the Tenth Amendment. *United States v. Morgan,* 2008 WL 5429812, No. 1:08-CR-73 (N.D.Ind. Dec. 31, 2008); *United States v. Vasquez,* 576 F.Supp.2d 928 (N.D.Ill. 2008); *United States v. Akers,* 2008 WL 914493, No. 3:07-CR-00086(01)RM (N.D.Ind. April 3, 2008). Circuit courts that have considered the argument have also found no Tenth Amendment violation. *See United States v. Stock,* 2012 WL 2816307 at *4, No. 10-5348 (6th Cir. July 11, 2012) ("The obligation SORNA does impose–the obligation to register–is imposed on sex offenders, not states...Because states can choose not to accept sex-offender registrations, SORNA does not, either directly or by necessary implication, violate the Tenth Amendment.");*United States v. Johnson,* 632 F.3d 912, 920 (5th Cir. 2011) ("SORNA does

not *require* the States to comply with its directives. Instead, the statute allows jurisdictions to decide whether to implement its provisions or lose ten percent of their federal funding otherwise allocated for criminal justice assistance. Of course the Tenth Amendment does not forbid conditioning of federal funding on a state's implementation of a federal program.") (emphasis in original), *cert. denied* 132 S.Ct. 135 (2011). As a district court in the Northern District of New York has noted, this argument "has been uniformly rejected by each court to consider the Tenth Amendment claim as applied to SORNA." *United States v. Hall,* 577 F.Supp.2d 610, 616 (N.D.N.Y. 2008) (collecting cases). Mr. Lesure has given this Court no rationale to be the first court to decide otherwise. SORNA does not impermissibly impose on the states or any state actor, and the federal government is certainly not depending on the states to implement or prosecute SORNA. This challenge to the superceding indictment also fails.

6.     **Ex Post Facto Clause**

Mr. Lesure next has a go at SORNA by citing to the ex post facto clause ("In SORNA, the registration, notification, and penal provisions attached new, and as yet unidentified, legal consequences to events, specifically, Mr. Lesure's pre-SORNA conviction"). Here, the Seventh Circuit has explicitly found that SORNA does not violate the ex post facto clause. *Dixon*, 551 F.3d at 585; *United States v. Leach,* 639 F.3d 769 (7th Cir. 2011). Mr. Lesure again argues that *Dixon* is wholly inapplicable, but, as above, *Dixon*'s analysis is still good on this point: *Carr* reversed *Dixon* on *Dixon*'s finding that a defendant who traveled interstate before the Act could nevertheless be liable under SORNA. *Carr,* 130 S.Ct. 2242. Here, Defendant was subject to SORNA as of February 28, 2007, and his interstate travel–which allegedly occurred without SORNA-required registration–occurred after that date; *Dixon's* ex post facto analysis remains good law. *See Dixon,*

551 F.3d at 585. So long as at least one of the acts required for punishment under the statute occurs after the statute takes effect, then the ex post facto clause does *not* apply. *Dixon,* 551 F.3d at 585. Such is the timeline here. The ex post facto clause is not implicated. *See Leach,* 639 F.3d at 773 ("Because the law targets only the conduct undertaken by convicted sex offenders after its enactment, it does not violate the Ex Post Facto Clause.").

  **7. Commerce Clause**

Finally, Mr. Lesure argues that SORNA violates the Commerce Clause, as the criminal act under SORNA is failure to register, not travel in interstate commerce itself. Defendant himself recognizes, however, that the Seventh Circuit has spoken on this 'nexus' argument, and found it lacking--SORNA does not violate the Commerce Clause. *United States v. Vasquez,* 611 F.3d 325, 329 (7th Cir. 2010) ("We conclude a rational basis existed under the Commerce Clause for Congress to enact § 2250. And §16913 is a logical way to help ensure that the government will more effectively be able to track sex offenders when they do cross state lines. To the extent that §16913 regulates solely interstate activity, the regulatory means chosen are 'reasonably adapted' to the attainment of a legitimate end under the commerce power."), *cert. denied* 131 S.Ct. 2930 (2011); *United States v. Sanders,* 622 F.3d 779, 782-83 (7th Cir. 2010) ("Interstate travel by a sex offender is not merely a jurisdictional hook but a critical part of the problem that Congress was attempting to solve"); *United States v. Kendrick,* 647 F.3d 732, 734 (7th Cir. 2011) ("In light of our recent decisions in *Vasquez* and *Sanders*, we hold that SONRA's registration requirements do not exceed Congress' authority under the Commerce Clause"). Defendant states that neither *Vasquez, Kendrick,* or *Sanders* are controlling precedent. Even were that true (and Defendant doesn't explain why that might be the case), the rationale in each case is compelling; this Court will follow the opinions

issued by the Court of Appeals.

## CONCLUSION

Defendant's motion to dismiss the superceding indictment (Doc. 37) is **DENIED**. The pending motions for leave to file a motion to dismiss the indictment (Doc. 19) and to dismiss the indictment (Doc. 20) shall also be **DENIED** as moot.

**IT IS SO ORDERED.**

DATED: July 19, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge